IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 10-100 |
| ) | |
| GARY WILDER and ) | VIO: Title 18, United States Code, |
| TONI JO WILDER, ) | Sections 1344 and 1956(h) |
| ) | |
| Defendants. ) | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### COUNT ONE
(Money Laundering Conspiracy)

INTRODUCTION

At all times material hereto:

1. Wildwood Industries, Inc. (hereafter, "Wildwood") was a company located in Bloomington, Illinois that, among other things, manufactured lawn, leaf, and vacuum bags.

2. The defendant, GARY WILDER, was the president and 50% shareholder of Wildwood. The defendant, TONI JO WILDER, was the corporate secretary and remaining 50% shareholder of Wildwood.

3. On or about March 5, 2009, creditors filed an involuntary bankruptcy petition as to Wildwood. Two months later, Wildwood's assets were sold for approximately $2 million.

## CONSPIRACY

4. Beginning in or about 2000 and continuing to in or about April 2009, at Bloomington, in the Central District of Illinois and elsewhere,

**GARY WILDER and TONI JO WILDER,**

defendants herein, knowingly combined, conspired, confederated and agreed with others known and unknown to the Grand Jury to commit an offense against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property

involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS OF THE CONSPIRACY

5. It was a part of the conspiracy that GARY WILDER obtained false invoices from W. S. Hudson Converting, located in Queensbury, New York, to obtain lease funding for manufacturing equipment which did not exist.

6. It was further a part of the conspiracy that the machinery was not actually purchased but instead was machinery that was already owned by Wildwood. In truth and fact, Hudson Converting did not build or ship any machinery to Wildwood at the times material hereto.

7. It was further a part of the conspiracy that GARY WILDER, TONI JO WILDER, and others at Wildwood provided Hudson Converting with amounts and descriptions of the machines for the false invoices.

8. It was a part of the conspiracy that GARY WILDER, TONI JO WILDER, and others caused financial institutions and private lenders to provide lease funding for machinery that was never acquired. False invoices from Hudson

Converting were provided to brokers who presented the false invoices to federally insured financial institutions and private lenders (hereafter, collectively referred to as "lenders") in order to obtain lease funding.

9. It was further a part of the conspiracy that, to obtain lease funding, GARY WILDER, TONI JO WILDER, and others caused invoices, reviewed financials, and tax returns to be prepared and provided to the lenders. At the direction of GARY WILDER and TONI JO WILDER, a Wildwood accountant, Doyle Fry, prepared false financial statements, false tax returns, and other false financial records which were designed and used to mislead prospective lenders. Based on the intentionally false information, lenders believed Wildwood to be a very profitable company.

10. It was further a part of the conspiracy that after lenders paid Hudson Converting for the non-existent machinery, Hudson Converting kept a portion of the funds and forwarded the balance of the funds to Wildwood's account through a series of interstate wire transfers from New York to Wildwood's account at Busey Bank in Bloomington, Illinois.

11. It was further a part of the conspiracy that, to conceal the nature of the funds, TONI JO WILDER directed Kimberly Hill, a Wildwood employee, to falsely record the incoming wires from Hudson Converting as revenue in an account labeled "Refurbishing/Fabrication."

12. It was further a part of the conspiracy that, in order to deceive lenders who sought to inspect their collateral, GARY WILDER instructed Dominic Propersi, Wildwood's plant manager, to create false serial number plates and affix those to machinery already owned by Wildwood. On occasion, the machinery was freshly painted so that the machinery would appear new.

13. It was further a part of the conspiracy that, to prevent problems with the lenders' inspectors, Propersi maintained a log identifying the serial numbers he placed on a given machine.

14. It was further a part for the conspiracy that GARY WILDER and others continued to deceive lenders by using new invoices from Hudson Converting with different serial numbers for the same machines.

15. It was further a part of the conspiracy that GARY WILDER, TONI JO WILDER, and others perpetuated the fraud and concealed the source of funds by using fraudulently obtained funds to make payments to lenders who they owed for earlier lease funding.

16. It was further a part of the conspiracy that more than $213 million fraudulently obtained from approximately 85 lenders was laundered.

In violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO
## (Bank Fraud)

1. The allegations of paragraphs 1 - 15 of Count One are realleged and incorporated by reference herein.

2. Beginning in or about 2000 and continuing to in or about April 2009, at Bloomington, in the Central District of Illinois and elsewhere,

**GARY WILDER,**

defendant herein, knowingly devised and executed a scheme and artifice to defraud financial institutions and to obtain money and property therefrom by means of false and fraudulent pretenses, representations, and promises, knowing that such pretenses, representations, and promises were false and fraudulent when made, such scheme being described in paragraphs 1-15 of Count One.

## EXECUTION OF THE SCHEME

3. On or about June 30, 2008, in the Central District of Illinois and elsewhere,

**GARY WILDER,**

defendant herein, knowingly executed the above-described scheme and artifice to defraud in that the defendant caused false invoices to be submitted to First Midwest Bank, a financial institution insured by the Federal Deposit Insurance Corporation (FDIC), to obtain a $1,690,000 payment to Hudson Converting as

lease funding of two pieces of machinery that did not exist;

In violation of Title 18, United States Code, Section 1344.

                UNITED STATES OF AMERICA

                JAMES A. LEWIS
                *UNITED STATES ATTORNEY*

                s/Darilynn J. Knauss
                Darilynn J. Knauss
                Supervisory Assisttant United
                    States Attorney
                One Technology Plaza
                211 Fulton Street, Suite 400
                Peoria, Illinois 61602
                Telephone: 309/671-7050